IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RUFUS EDWARD JONES,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) ) Case No. 3:13-00650-SMY-PMF |
| **ST. CLAIR COUNTY, IL, et al.,** | ) ) ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Before the Court are cross motions for summary judgment (Doc. Nos. 64, 73, 114, 140). These motions target plaintiff Rufus Jones' claims against the City of Belleville, Shawn Lukes, and the City of Sparta. Jones is proceeding against these defendants on Counts 1, 2, and 6. In Count 1, Jones alleges that he was the victim of a civil conspiracy to deprive him of Fourth and Fourteenth amendments rights against unreasonable seizures. In Count 2, he alleges that these defendants arrested him without adequate legal justification in violation of the Fourth Amendment. In Count 6, he alleges that the defendants intentionally inflicted emotional distress in violation of state law (See Doc. No. 10).

Summary judgment will be entered if the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). The facts and all reasonable inferences are drawn in favor of the plaintiff. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

In order to succeed on his § 1983 claim, Jones must present facts establishing two elements of proof. First, the conduct at issue must have been taken under color of state law, and second, the conduct must have deprived Jones of a right, privilege, or immunity guaranteed by the Constitution or laws of the United States. *Larsen v. Beloit*, 130 F.3d 1278, 1282 (7th Cir. 1997).

To establish a civil conspiracy, Jones must prove that the defendants had an agreement to deprive him of his constitutional rights and further prove an actual deprivation of rights arising from overt acts in furtherance of the agreement.  *Scherer v. Balkema*, 840 F.2d 437, 442 (7th Cir. 1988).   In order to succeed on Count 6, Jones must present facts showing that the defendant's conduct was extreme and outrageous, that the defendant knew there was a high probability that the conduct would cause severe emotional distress, and the conduct in fact caused severe emotional distress. *Swearingen-El v. Cook County Sheriff's Dept.*, 602 F.3d 852, 863-864 (7th Cir. 2010).

## I.     City of Belleville

Cross motions seek judgment in favor of or against the City of Belleville (Doc. Nos. 64, 73).  The materials on file show that records maintained by the Belleville Police Department suggest that Jones was considered as a suspect in connection with criminal investigations performed around February and March of 1992.  Court orders, citations, or arrest warrants were never sought in relation to the investigation of those cases or any other case.  Jones has never been arrested by the City of Belleville or by a member of the city's police department.  Additionally, there have been no communications between the City of Belleville and any outside agency regarding an arrest of Jones.  In short, the evidence shows that, while Jones was taken into custody on several occasions, the City of Belleville was not involved in any actions which may have deprived Jones of a constitutional right.

Jones takes the position that the City of Belleville is liable based on evidence described as a city warrant procedure (Doc. No. 73).  He points out that he was allowed to proceed against this defendant following a threshold review of his allegations.  At this phase of the litigation, Jones must support his factual assertions with information that could be presented in an admissible form.

Fed. R. Civ. P. 56(c).  The Court has been unable to locate any such evidence.  Without supporting documentation, Jones has not shown that judgment should enter in his favor on these claims and has failed to create a factual issue for trial on the claims asserted against the City of Belleville.

## II.   Shawn Lukes, City of Sparta

These defendants seek judgment in their favor on Counts 1 and 2 of the Amended Complaint, asserting several arguments in their favor.  The Court first considers whether the arrests made by these defendants were supported by probable cause or whether the qualified immunity defense has merit.  The Fourth amendment prohibits unreasonable seizures.  Probable cause is an absolute defense to a § 1983 claim of wrongful arrest.  A police officer has probable cause to arrest if, at the time of the arrest, the facts and circumstances within the officer's knowledge are sufficient to permit a prudent person to believe that the suspect had committed, is committing, or is about to commit an offense.  *Rooni v. Biser*, 742 F.3d 737, 740 (7th Cir. 2014).  This is a "fluid concept that relies on the common-sense judgment of the officers based on the totality of the circumstances."  *United States v. Reed*, 443 F.3d 600, 603 (7th Cir. 2006).  Further, in considering whether these defendants are entitled to qualified immunity on Jones' § 1983 claims, the Court considers (1) whether they violated Jones' constitutional rights and (2) whether his right not to be arrested was clearly established at the time of the violation.  *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).  When an officer lacks probable cause, he or she is entitled to qualified immunity when a reasonable officer with the same knowledge could have reasonably believed that probable cause existed in light of well-established law.  *Humphrey v. Staszak*, 148 F.3d 719, 725 (7th Cir. 1998).  This is arguable probable cause.

The relevant materials show that plaintiff was conditionally released from prison pursuant to a mandatory supervised release agreement on April 2, 2012. The Sparta police department was notified of his release and of the conditions of his parole. Because Jones was being supervised by the Illinois Department of Corrections, he was subject to being returned to physical custody at any time that probable cause was established and a parole violation warrant obtained.

On September 6, 2012, Jones was arrested twice by officers from the Sparta Police Department. Sparta officers first arrested Jones on an outstanding traffic arrest warrant issued from the Circuit Court of St. Clair County, despite Jones' protestations that he could not have committed the violations because he was confined in a prison facility at the time of the traffic offense. The arrest warrant had been issued by Judge Randy Kelley in 2009, in traffic case 08-TR-60554, for charges of transporting alcohol and failing to wear a seatbelt. The warrant was issued for Rufus Jones, with no middle name given and an address in East St. Louis, Illinois. The traffic offender was described as a black male, 6' 1" tall, 185 pounds, with a date of birth in 1965 and a current driver's license. After this arrest, Jones was held at the Sparta Police Department for about 20 minutes. He was released from custody after his story was confirmed and the St. Clair County Sheriff's Office elected to withdraw the traffic warrant.

Jones was arrested a second time on September 6, 2012, based on complaints of alleged misconduct that had been investigated by the Red Bud Police Department and Southwestern Illinois College security officers. The conduct leading to these arrests allegedly occurred on the college campus in Red Bud, Illinois. In making the arrest, Sparta officers relied on information provided to other law enforcement officials by private citizens. This time, they were informed by a law enforcement officer for the Red Bud Police Department that two students had signed sworn

4

complaints against Jones. Jones was transported to the Sparta Police Department and was interviewed by a detective from the Red Bud police department before he was transported to the Randolph County Jail, where he posted bail.

Jones was arrested a third time on September 13, 2012, after the Sparta Police Department was notified that the Illinois Department of Corrections had obtained a warrant commanding Jones' arrest for violating one of the rules or conditions of his mandatory supervised release. He was transported to the Sparta Police Department and then confined at the Randolph County Jail for eventual return to the custody of the IDOC.

The first arrest on September 6, 2012, was based on an outstanding traffic arrest warrant issued from the Circuit Court of St. Clair County. The traffic warrant gave the arresting officers reasons to believe that Jones had committed an offense, despite Jones' protestations of innocence and several reasons to question whether Jones was the same Rufus Jones named in the warrant.[1] A reasonable police officer could have formed the subjective belief that the warrant identified Jones as the offender. This arrest was based on probable cause or arguable probable cause.

The second arrest on September 6, 2012, was based on two sworn complaints by individuals who accused Jones of battery. Defendant Welton, a student at a nearby college, made a statement that Jones sexually harassed her and carried a gun to school in his laptop case. The information provided to the arresting officers gave them probable cause to believe that Jones had committed an offense.

The September 13, 2012, arrest was made after the Sparta Police Department was notified that the Illinois Department of Corrections had obtained a warrant commanding Jones' arrest for a

---

[1] The warrant did not list Edward as Jones' middle name, did not show that his current address was in Sparta, and inaccurately indicated that he held a current driver's license.

violation of his mandatory supervised release agreement. This information gave the arresting officers reasons to believe that Jones had committed a parole violation.

Because Jones' arrests by Shawn Lukes and/or the City of Sparta were based on probable cause to believe that he had committed an offense, these defendants are entitled to judgment in their favor on the Fourth Amendment and conspiracy claims. Even if these defendants mistakenly believed that probable cause existed, they had "arguable" probable cause to believe an offense had been committed, which entitles them to judgment in their favor on the qualified immunity defense.

IT IS ORDERED that the motion for summary judgment filed by defendant City of Belleville (Doc. No. 64) is GRANTED and that the cross motion filed by Rufus Jones (Doc. No. 73) is DENIED. At the conclusion of this case, judgment shall be entered in favor of the City of Belleville and against Rufus Jones on Counts 1, 2, and 6.

IT IS FURTHER ORDERED the summary judgment motion filed by defendants Shawn Lukes and City of Sparta (Doc. No. 114) is GRANTED and that the cross motion filed by Rufus Jones (Doc. No. 140) is DENIED. At the conclusion of this case, judgment shall be entered in favor of Shawn Lukes and the City of Sparta and against Rufus Jones on Counts 1 and 2.

**IT IS SO ORDERED.**

**DATED:** March 6, 2015

s/ Staci M. Yandle
**STACI M. YANDLE**
**DISTRICT JUDGE**