IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RUFUS EDWARD JONES,** | ) |
| **Plaintiff,** | ) |
| v. | ) Case No. 3:13-00650-JPG-PMF |
| **ST. CLAIR COUNTY, IL, et al.,** | ) |
| **Defendants.** | ) |

### REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is plaintiff Rufus Jones' motion for default judgment against Melinda Welten (Doc. No. 88). Jones is proceeding against Welten on Count 1, a claim of civil conspiracy to deprive him of Constitutional rights. Welten waived service on December 24, 2013 (Doc. No. 69). The Clerk entered default against Welten on April 3, 2014 (Doc. No. 96). Evidentiary hearings were set on two dates: March 19, 2015, and October 6, 2015. Plaintiff did not appear for the first hearing because he was being held in a county jail that did not have video-conference capabilities. Plaintiff did not appear for the second hearing because he was living in Indiana.

Plaintiff's recruited counsel, Mr. Thor Mathison, appeared at the second hearing and tendered a proffer of evidence, over objection. That proffer suggests that Jones lost (1) the ability to earn greater wages over his lifetime, due to his inability to obtain an associate's degree from Redbud Community College, and (2) the ability to enjoy life and time with family members for fifteen months, due to his time in prison. Plaintiff is seeking compensatory damages in the sum of one million dollars and punitive damages in the sum of one-half million dollars (Doc. No. 81). For the following reasons, plaintiff's motion should be granted in part.

The proffer of evidence from Mr. Mathison is not sufficient to allow for a determination of compensatory or punitive damages. The evidentiary hearings were scheduled after discovery

pursuant to Rule 55, which allows the Court to conduct hearings to determine the amount of damages where the claim is not for a sum certain (or one that can be made certain by computation). Fed. R. Civ. P. 55(b)(2). The hearings were attended by the Court, court reporters, defense attorneys, and plaintiff's recruited counsel. The Court is unable to make an accurate assessment of the proposed elements of damages because the plaintiff was not present, was not subject to examination or cross-examination, and did not otherwise provide credible and persuasive information regarding relevant events or circumstances. Argument and suggestions are not sufficient to establish damages. *U.S. v. Di Mucci*, 879 F.2d 1488, 1497 (7th Cir. 1989)(allegations are not normally sufficient to support a judgment by default).

An award of compensatory or punitive damages is barred by the Prison Litigation Reform Act (PLRA), which provides that "No relief shall be granted to the plaintiff unless a reply has been filed." 42 U.S.C. § 1997e(g)(1). Welten did not file a reply, although she was ordered to file "an appropriate responsive pleading" (Doc. No. 10, p. 14). In these circumstances, sanctions are the only form of relief available to plaintiff. The sum of $500 is an appropriate sanction for Welten's disregard of the instruction in the Court's August 16, 2013, Order.

IT IS RECOMMENDED that plaintiff's motion for default judgment (Doc. No. 88) be GRANTED as follows. At the conclusion of this case, judgment in the sum of $500 should be entered against Welten as a sanction for her noncompliance with Judge Gilbert's August 16, 2013, Order.

SUBMITTED:  November 13, 2015 .

  s/Philip M. Frazier  
**PHILIP M. FRAZIER**  
**UNITED STATES MAGISTRATE JUDGE**