IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RUFUS EDWARD JONES,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No. 3:13-00650-SMY-PMF |
| | ) |
| **ST. CLAIR COUNTY, IL, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## MEMORANDUM AND ORDER

**YANDLE, District Judge:**

Before the Court are motions for summary judgment (Doc. Nos. 164, 166, 168, 169). These motions target plaintiff Rufus Jones' claims against Jeremy R. Walker, Randolph County (Doc. No. 164), Staci Clayborne, Jennifer Edwards, Sherry Farve, Mark Green (Doc. No. 166), Roger McLean (Doc. No. 168), and Brendan Kelley (Doc. No. 169). Jones is proceeding against these defendants on Counts 1, 2, and 6. In Count 1, Jones alleges that he was the target of a civil conspiracy to deprive him of his Fourth and Fourteenth Amendment rights against unreasonable seizures. In Count 2, he alleges that these defendants arrested him without adequate legal justification in violation of the Fourth Amendment. In Count 6, he alleges that the defendants intentionally inflicted emotional distress in violation of state tort law (See Doc. No. 10). The motions are opposed (Doc. No. 171, 172, 173, 174).

Summary judgment will be entered if the мovant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56(a). The facts and all reasonable inferences are drawn in favor of the plaintiff. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

### I.    Count 1 – Civil Conspiracy

Defendants Walker, McLean, Green, Clayborne, Favre, Edwards and Kelly challenge the

sufficiency of facts supporting Count 1, a claim of civil conspiracy.  To establish a civil conspiracy, Jones must present facts showing that these defendants had an agreement to deprive him of his constitutional rights and further prove an actual deprivation of rights arising from overt acts in furtherance of the agreement.  *Scherer v. Balkema*, 840 F.2d 437, 442 (7th Cir. 1988).  Conspiracy is not an independent basis for liability; there must be an underling constitutional deprivation.  *Smith v. Gomez*, 550 F.3d 613, 617 (7th Cir. 2008).

The defendants argue that plaintiff has no evidence of any conspiracy.  In response, plaintiff relies on his allegations, noting that they were deemed sufficient to state a claim for conspiracy when his Complaint was screened pursuant to 28 U.S.C. § 1915A.

The materials submitted by all parties show that, after serving prison terms for home invasion and robbery, Jones was released from the Illinois Department of Corrections in April 2012 and began serving a period of supervised release.  He enrolled in classes at Southwestern Illinois College.  Beginning on September 4, 2012, a series of reports that Jones was harassing or battering college students were investigated and a background check was performed.  In connection with the investigation, statements were obtained from Stephanie Huntley and Melinda Welten.  They described sexual harassment and possession of a weapon on campus grounds.  A letter informing Jones about the investigation was mailed to the wrong address.
Jones was arrested twice on September 6, 2012 (initially for a non-felony active bench warrant issued in 2009 by Judge Kelley in the Circuit Court for St. Clair County and later without a warrant after the battery complaints were made by Welten and Huntley).  Although Jones verbally contested the bench warrant on the basis that he was confined in prison on the date the traffic offenses took place, he was held briefly – for about 20 minutes – until his story was confirmed and the warrant was withdrawn by the charging authority.  As to the complaints lodged by Welten and

2

Huntley, he was released on bond after being arrested for battery. On September 7, 2012, parole officers performed a compliance check at Jones' residence. No contraband was found. Although Jones maintains that Ms. Welten did not provide investigating authorities with accurate information, Defendant Walker elected to bring formal charges. Shortly after Walker filed two formal charges of battery, Jones was recommitted to prison at the direction of his parole officer. In December, 2012, Walker added one charge of aggravated battery and informed Jones that he would seek an extended prison term if Jones was convicted of that Count. In March, 2013, Jones was convicted of one count of aggravated battery after entering a plea of guilty. The remaining charges were dismissed.

While plaintiff alleges that this entire series of events was accompanied by assorted improper conduct (arrest of the wrong person, improper school expulsion, failure to provide equal educational opportunity, false statement/police report, refusal to conduct an interview or otherwise evaluate his version of the encounters with college students, attempted coercion of a confession, racial slurs, forced guilty plea), the Court finds no evidence (as opposed to allegations) that could plausibly support a finding that these defendants agreed or conspired to deprive Jones of a right protected by the Constitution. Also, the evidence submitted does not show that any defendant arrested Jones without probable cause to believe that he committed an offense, deprived Jones of his liberty without due process of law or deprived Jones of the equal protection of the law. Accordingly, Defendants Walker, McLean, Green, Clayborne, Favre, Edwards and Kelly are entitled to judgment in their favor on Count 1.

## II. Count 2 – Unlawful Arrest on September 6, 2012

Defendants McLean and Kelly seek judgment in their favor on Count 2. The Fourth Amendment prohibits unreasonable seizures. Probable cause is an absolute defense to a § 1983

claim of wrongful arrest. A police officer has probable cause to arrest if, at the time of the arrest, the facts and circumstances within the officer's knowledge are sufficient to permit a prudent person to believe that the suspect has committed, is committing or is about to commit an offense. *Rooni v. Biser*, 742 F.3d 737, 740 (7th Cir. 2014). This is a "fluid concept that relies on the common-sense judgment of the officers based on the totality of the circumstances." *United States v. Reed*, 443 F.3d 600, 603 (7th Cir. 2006).

Defendant Roger McLean issued traffic citations on October 2, 2008, to a driver who identified himself as Rufus Jones with a birth date of January 22, 1965. The citations required a court appearance on November 26, 2008. On the day the citations were issued, Plaintiff was not the driver – he was confined in the Illinois Department of Corrections. When no one appeared as directed on the citation, a Rule to Show Cause was issued, followed by a bench warrant issued by Judge Randall Kelley on January 20, 2009. Defendant Brendan Kelly became State's Attorney after Judge Kelley issued the bench warrant. McLean retired in September, 2011. As a result of the bench warrant issued by Judge Kelley, Jones was taken into custody on September 4, 2012.

McLean's conduct of issuing citations to a driver identifying himself as Rufus Jones for perceived traffic violations in 2008 and Brendan's Kelly's status as State's Attorney at the time Jones was taken into custody did not deprive Jones of his Fourth Amendment right to be free from unreasonable seizures or his Fourteenth Amendment rights not to be deprived of his liberty without due process of law or to receive the equal protection of the law. The facts submitted would not plausibly support a reasonable inference of racial profiling or arrest without probable cause.

Defendants McLean and Kelly are entitled to judgment in their favor on Count 2

**III.    Count 6**

4

Defendants McLean and Kelley also seek judgment in their favor on Count 6. In order to succeed on Count 6, Jones must present facts showing that their conduct was extreme and outrageous, that they knew there was a high probability that the conduct would cause severe emotional distress and the conduct in fact caused severe emotional distress. *Swearingen-El v. Cook County Sheriff's Dept.*, 602 F.3d 852, 863-864 (7th Cir. 2010). The Court has been unable to locate facts that could plausibly support a finding that McLean and/or Kelly engaged in conduct that could be characterized as extreme and outrageous. Therefore, these defendants are entitled to judgment in their favor on Count 6.

## IV.     Randolph County

Randolph County seeks judgment in its favor, arguing that it cannot be liable for the conduct of Jeremy Walker on a theory of respondeat superior (Doc. No. 165, p. 7). Jones' claims against Randolph County were dismissed without prejudice on August 16, 2013 (Doc. No. 10). While Jones subsequently amended his complaint, new allegations were not made against Randolph County. The dismissed claims were not reinstated. As such, this portion of Doc. No. 164 is moot.

## V.     *Heck v. Humphrey* or *Imbler v. Pachtman*

Defendant Walker contends that the rationale of *Heck v. Humphrey* applies to Jones' claims against him. When plaintiff's complaint was screened under 28 U.S.C. § 1915A, Count 3 was dismissed on this basis, but Count 2 was allowed to proceed as to Jones' theories of unlawful arrest (Doc. No. 10, pp. 8-9).

In *Heck*, the plaintiff sued county prosecutors for engaging in unlawful acts in an effort to secure the plaintiff's state court conviction. Dismissal was affirmed on the basis that a judgment in favor of the plaintiff would necessarily imply the invalidity of a conviction that had not been

5

reversed or declared invalid. *Heck v. Humphrey*, 512 U.S. 477, 485 (1994).

The materials on file show that Walker's involvement is limited to prosecution of battery and aggravated battery charges. After Jones was arrested, Walker reviewed information presented by law enforcement and filed two battery charges on September 12, 2012. He later filed an aggravated battery charge against Jones on December 12, 2012 and threatened to seek an extended term if Jones was convicted of that offense. The aggravated battery charge resulted in a conviction which has not been overturned.

With the development of these facts, the Court is satisfied that Jones' claim against Walker is more akin to a malicious prosecution claim than an unlawful arrest claim. So viewed, it is barred by the rationale of *Heck*. Any finding that Walker's prosecution violated Jones' rights would necessarily show that the aggravated battery conviction is unlawful. Accordingly, Count 2 will be dismissed as to Walker.

Alternatively, Walker suggests that Jones' § 1983 claims are barred by prosecutorial immunity. The undersigned agrees. Where, as here, Walker was acting as an officer of the Court by initiating a prosecution and presenting the State's position as to the possible punishment sought, he is absolutely immune from suit for malicious prosecution claims. *Imbler v. Pachtman*, 424 U.S. 409 (1976). Walker is immune from liability under the facts supporting Count 2.

### VI.   Conclusion

IT IS ORDERED that the Motion for Summary Judgment filed by defendant Jeremy Walker and Randolph County, Illinois (Doc. No. 165) is **GRANTED** in part and **MOOT** in part. At the conclusion of this case, judgment shall be entered against Plaintiff Rufus Edward Jones and in favor of Jeremy Walker on Counts 1 and 2.

IT IS FURTHER ORDERED that the Motion for Summary Judgment filed by Defendants

Staci Clayborne, Jennifer Edwards, Sherry Farve, and Mark Green (Doc. No. 167) is **GRANTED**. At the conclusion of this case, judgment shall be entered against Plaintiff Rufus Edward Jones and in favor of Staci Clayborne, Jennifer Edwards, Sherry Farve, and Mark Green on Count 1.

IT IS FURTHER ORDERED that the Motion for Summary Judgment filed by Defendant Roger McLean (Doc. No. 168) is **GRANTED**. At the conclusion of this case, judgment shall be entered against Plaintiff Rufus Edward Jones and in favor of Roger McLean on Counts 1, 2 and 6.

IT IS FURTHER ORDERED that the Motion for Summary Judgment filed by Defendant Brendan Kelly (Doc. No. 169) is **GRANTED**.   At the conclusion of this case, judgment shall be entered against Plaintiff Rufus Edward Jones and in favor of Brendan Kelly on Counts 1, 2 and 6.

**IT IS SO ORDERED.**

**DATED: February 26, 2016.**

 **s/ Staci M. Yandle**
**STACI M. YANDLE**
**DISTRICT JUDGE**