## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **RUFUS EDWARD JONES,** | ) |
| **Plaintiff,** | ) ) ) |
| v. | ) Case No. 3:13-00650-SMY-PMF |
| **ST. CLAIR COUNTY, IL, et al.,** | ) ) ) |
| **Defendants.** | ) ) |

## <u>MEMORANDUM AND ORDER</u>

**YANDLE, District Judge:**

Before the Court are motions seeking clarification or reconsideration of prior rulings (Docs. 232, 234, 239). Specifically, a number of the defendants ask the Court to clarify whether the entirety of Plaintiff's First Amended Complaint has been summarily resolved. The motions are not opposed.

Orders entered in this case are subject to discretionary revision at any time prior to the entry of judgment. Fed. R. Civ. P. 54(b). On the other hand, motions seeking reconsideration serve a limited function: to correct manifest errors of law or fact or to present newly discovered evidence. *Caisse Nationale de Credit Agricole, v. CBI Industries*, 90 F.3d 1264, 1269 (7th Cir. 1996). It is well-settled that such motions are not properly used to rehash previous arguments or to introduce evidence that could have been discovered and presented in a timely manner. *Oto v. Metro. Life Ins. Co.*, 224 F.3d 610, 606 (7th Cir. 2000). With these standards in mind, the Court will clarify the scope of its orders entered at Docs. 155 and 224.

### March 6, 2015 Order (Doc. 155)

This Order resolved four summary judgment motions, including motions filed by Defendants Lukes and City of Sparta. The Order notes that Plaintiff "is proceeding against these defendants on Counts 1, 2 and 6" (Doc. No. 155). The motions and briefs filed by the defendants were construed as requesting judgment on Counts 1 and 2 only because Defendants' arguments were restricted to the merits of Plaintiff's civil rights claims set forth in those particular counts. As such, the Court declines the invitation to reconsider or to expand the scope of its ruling to

include Count 6 which sets forth a supplemental state law claim for intentional infliction of emotional distress. *See Bryant v. Madigan*, 84 F.3d 246, 247 (7th Cir. 1996) and *Lewis v. Faulkner*, 689 F.2d 100, 102 (7th Cir. 1982).

## February 26, 2016 Order (Doc. 224)

This Order resolved five motions for summary judgment, including motions filed by Defendants Clayborne, Edwards, Favre, Green and Walker. Again, the Order notes that Plaintiff "is proceeding against these defendants on Counts 1, 2 and 6" (Doc. No. 224). The Order further provides that at the conclusion of this case, judgment will be entered in favor of Walker on Counts 1 and 2 and in favor of Clayborne, Edwards, Favre and Green on Count 1. *Id*. As was the case relative to this Court's March 6, 2015 Order, and for the same reasons, the motions and briefs filed by the defendants were construed as seeking judgment as to Counts 1 and 2 only. Thus, the Court did not address Count 6 and again declines the invitation to do so at this juncture.

Having clarified the scope of these previous rulings, which summarily dismissed all claims over which this Court has original jurisdiction but did not dispose of Plaintiff's intentional infliction of emotional distress claim, the Court must now determine whether to exercise its supplemental jurisdiction over that claim. It is well settled that a district court may decline to exercise supplemental jurisdiction over state-law claims if the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. §1367(c)(3); *RWJ Management CO., Inc. v. BP Products North America, Inc.*, 672 F.3d 476, 479 (7th Cir. 2012). In making this determination, the Court should consider the judicial economy, convenience, fairness and comity of exercising its supplemental jurisdiction. *Kennedy v. Schoenberg, Fisher & Newman, Ltd.*, 140 F.3d 716. 728 (7th Cir. 1998). Here, the Court has considered these and all relevant factors – judicial economy in particular—and will not exercise supplemental jurisdiction over the remaining state law claim.

Accordingly, Count 6 is **DISMISSED** without prejudice. All pending motions are hereby **MOOT**. As no other Counts remain, the Clerk of Court is **DIRECTED** to close this case and enter judgment accordingly.

**SO ORDERED: July 14, 2016.**

                                             **s/ Staci M. Yandle**
                                             **STACI M. YANDLE**
                                             **UNITED STATES DISTRICT JUDGE**